UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW MEXICO

DEBORAH REEVES,

        Plaintiff,

v.                                                 Case No. 1:22-CV-581 JRF-LF

ZEPHANIAH DIMITRE NEALY, and
PRIME LOG, LLC d/b/a
PRIME LOGISTICS, LLC,

        Defendants.

### FIRST AMENDED COMPLAINT FOR DAMAGES

This matter arises from a motor vehicle crash on Interstate 40 in Gallup, New Mexico that occurred on June 11, 2021. Plaintiff Deborah Reeves makes the following averments, as applicable, against the defendants.

### PARTIES

1. Plaintiff Deborah Reeves is a tribal member of the Navajo Nation and is a resident of the State of Arizona.

2. Defendant Zephaniah Dimitre Nealy was at the time of the incident complained of a citizen of Mississippi who resided in Kemper County, Mississippi. It is believed he continues to reside in Kemper County, Mississippi.

3. Prime Log LLC, doing business as Prime Logistics, LLC (hereinafter referred to as "Prime Logistics") is a business entity, a foreign limited liability company, with a principal place of business in Peosta, Iowa.

4. Defendant Prime Logistics was authorized to and did do business in New Mexico at the time of the incident.

## JURISDICTION & VENUE

5. Jurisdiction exists over the parties and the subject matter, and venue is proper in this court. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue is proper in this district under 28 U.S.C. §1332(a)(3).

## FACTUAL BACKGROUND

7. Upon information and belief, at the time of the incident, Defendant Zephaniah Dimitre Nealy was an employee of Prime Logistics, on the job, driving a vehicle under the authority of Prime Logistics.

8. At approximately 3:30 p.m., on June 11, 2021, Defendant Nealy was driving his tractor trailer east on Interstate 40 [in Gallup, New Mexico] in the right hand lane.

9. Interstate 40 in this area had two eastbound lanes and two westbound lanes divided by a median.

10. Defendant Nealy had a duty to operate his tractor trailer in a safe manner.

11. Defendant Nealy had a duty to maintain his lane of travel until it was safe to change lanes.

12. Defendant Nealy had a duty to keep a proper lookout for other vehicles driving on the highway near his tractor trailer.

13. Defendant Nealy changed lanes into the left lane hitting plaintiff's vehicle and causing her vehicle to flip and crash onto the shoulder.

14. The Plaintiff was seriously injured as a result of the crash.

## COUNT 1 – NEGLIGENCE AND NEGLIGENCE *PER SE* OF DEFENDANT NEALY

15. Under New Mexico law, Defendant Nealy had a duty to exercise reasonable care in the operation of the tractor trailer he was driving.

16. Defendant Nealy had a duty to keep a proper lookout for other vehicles and yield any lane change until it was safe to do so.

17. Defendant Nealy had a duty to use his turn signals to warn other motorists of any attempted lane change.

18. Defendant Nealy had a duty to follow all applicable traffic laws, Federal Motor Carrier Safety Administration (FMCSA) regulations and industry standard safety rules in operating his tractor trailer.

19. Defendant Nealy negligently breached his duties in the following ways:

    a. In negligently failing to keep a proper lookout;

    b. In negligently failing to maintain his lane of travel until it was safe to change lanes

    c. In negligently failing to yield to plaintiff;

    d. In negligently failing to use turn signals to warn of an impending lane change; and

    e. In negligently failing to exercise ordinary care in operation of his tractor trailer.

20. Defendant Nealy's negligent acts and omissions were a direct cause of the collision and serious injury to the plaintiff.

21. Defendant Nealy violated traffic laws of the State of New Mexico designed to prevent mayhem on the interstates and protect the motoring public.

22. Defendant's violations of New Mexico law were a cause of the crash and constitute negligence *per se*.

23. Defendant Prime Logistics owned the vehicle driven by Defendant Nealy at the time of the crash.

24. Alternatively, Prime Logistics leased the vehicle driven by Defendant Nealy at the time of the crash.

25. Defendant Nealy was on duty acting within the course and scope of his employment with Prime Logistics at the time of the crash.

26. Alternatively, Defendant Nealy was an independent contractor at the time of the crash.

27. Prime Logistics is vicariously liable for the negligent acts and omissions of Defendant Nealy under the doctrine of *respondeat superior*, the FMCSA regulations and the laws of the State of New Mexico.

28. As a direct and proximate result of the negligence of Defendant Nealy, Plaintiff was harmed and suffered multiple injuries.

29. As a direct and proximate result of the negligence of Defendant Nealy, Plaintiff experienced multiple losses [some of which will continue into the future] from injuries sustained in the subject crash.

30. As a direct and proximate result of Defendant Nealy's negligence, Plaintiff was hospitalized and required medical treatment, and will require future medical treatment; incurred losses of income; suffered other non-medical losses, which will extend into the future; suffered interference with her daily activities, her physical abilities, home life, and her recreational pursuits, all of which caused them disruption and diminishment of her enjoyment of life, which may extend into the future.

31. As a direct and proximate result of Defendant Nealy's negligence, Plaintiff has experienced fear, anxiety, depression, frustration, feelings of distrust, sleeplessness, and loss of confidence arising from the nature of her injuries. She has also lost security in her physical

integrity and completeness, and has had to deal with embarrassment about and arising from her injuries, and uncertainty about her future well-being.

32. Because of the negligence of Defendant Nealy, Plaintiff may be disabled in the future and may not expect to live and work to the time she would otherwise be likely to live and work.

## COUNT 2 – NEGLIGENT HIRING, TRAINING, AND SUPERVISING

33. Plaintiff repeats the preceding averments and incorporates them into this count by reference.

34. Defendant Prime Logistics had a duty to exercise ordinary care in hiring Zephaniah Dimitre Nealy to ensure he was qualified to operate a tractor trailer.

35. Defendant Prime Logistics had a duty to exercise ordinary care in training Zephaniah Dimitre Nealy to safely operate a tractor trailer.

36. Defendant Prime Logistics had a duty to exercise ordinary care in supervising Zephaniah Dimitre Nealy while operating a tractor trailer.

37. Upon information and belief, Defendant Prime Logistics negligently failed to exercise ordinary care in hiring, training and supervising Zephaniah Dimitre Nealy to ensure he safely operated the tractor trailer.

38. Defendant Prime Logistics's direct negligence in hiring, training and supervising caused harm and injury to the Plaintiff.

## CONCLUSION

39. All of Plaintiff's injuries and losses were proximately and directly caused by the negligence and the negligence *per se* of the Defendants, without offsetting negligence on the part of Plaintiff.

40. Defendants are each liable for all damages proximately caused by their negligence.

41.     Plaintiff is entitled to compensatory damages, in excess of $75,000.00, for all of her past and future losses in order to make her whole in accordance with the law of New Mexico.

WHEREFORE, Plaintiff prays that the Court enter judgment for her, and against the Defendants, and that she be given a verdict for compensatory damages for all of her proven losses allowed by law, including compensation for past and future medical and non-medical expense, loss of earnings, compensation for the nature, duration, and extent of Plaintiff's injuries, mental and emotional suffering, loss of household services, loss of quality of life and life's enjoyment, physical pain and discomfort, future damages, and for costs and such other relief as the court deems proper.

Respectfully submitted,
Barber & Borg, LLC

*/s/ Nathan Anderson*
Nathan S. Anderson
P.O. Box 67350
Albuquerque, New Mexico 87193-7350
505-884-0004
nathan@barberborg.com
Attorneys for Plaintiff